425 P.2d 402

James Floyd WORKMAN, Plaintiff
and Appellant,

v.

John W. TURNER, Warden, Utah State
Prison, Defendant and Respondent.

No. 10615.

Supreme Court of Utah.

March 21, 1967.

James Floyd Workman, pro se.

Phil L. Hansen, Atty. Gen., Gary A. Frank, Asst. Atty. Gen., Salt Lake City, for respondent.

JEPPSON, District Judge.

Appellant, James Floyd Workman, appeals from the District Court decision denying his release on a petition for a Writ of Habeas Corpus.

The writ of habeas corpus was heard on March 16, 1966. Appellant alleged that he entered a plea of guilty to second degree burglary in the Fourth District Court and that he was not "accorded counsel for his defense," was not informed of his rights by the police or the courts and was not informed of the consequences of a guilty plea.

Appellant testified that when he appeared in the Fourth District Court for arraignment, that as defendant there, he did not say that he did not desire counsel. The record of the Court Reporter stated that he had answered "no" to the question of whether he desired counsel. He testified that he had served a prior term in the Utah State Prison for second degree burglary and that he knew the penalty, and that he might be returned to the State Prison. There was evidence that appellant was advised when he was before the committing magistrate of his rights and that the court could appoint counsel. The trial court on the writ decided that the appellant had waived his right to counsel.

This decision was made with knowledge of his right to counsel. The appellant testified that he requested counsel in his first conviction and the case there was referred back to the committing magistrate to have counsel appointed.

At the time of his second commitment, the one complained of in the hearing upon the writ, the appellant was twenty-five years of age and realized the penalty for second degree burglary. Appellant alleges that he had only an eighth grade education and that strong-willed people could easily prevail upon him. There is no showing of improper persuasion to plead guilty or to go without counsel. The burden is on the appellant to show that he was denied his constitutional rights.

We conclude that the trial court's determination that appellant, in an awareness of his right, knowingly waived his right to counsel and entered his plea of guilty must be sustained.

Affirmed.

CROCKETT, C. J., and CALLISTER, TUCKETT and HENRIOD, JJ., concur.

ELLETT, J., being disqualified, did not participate herein.